**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

| | |
|---|---|
| **LUCKY DRAGON ENTERPRISE GROUP LIMITED,** *et al.*, <br><br> Plaintiffs/ Counter-Defendant, <br><br> v. <br><br> **STEPHANIE CHANG,** *et al.* <br><br> Defendants/ Counter-Plaintiff. | Case No. 1:19-cv-01310 |

**DEFENDANTS' PROPOSED DISCOVERY PLAN**

Defendant Stephanie Chang and FashionHolic, Inc. submit the following proposed discovery plan. Defendants engaged Plaintiffs, via their local counsel, telephonically in a meet and confer on January 30, 2020, and again on February 3, 2020, including submitted compromise proposals. The foregoing discovery plan includes provisions agreed to and/or agreeable between the parties, and separately designates points of disagreement or requests by Defendant, particularly in light of the language issues and needs for the case.

1. **Disclosures Required by Rule 26(a)(1).** All Parties were agreeable to extend the deadline for initial disclosures until Feb. 19, 2020. **Defendant is requesting that as part of the Discovery Plan, all documents produced pursuant to Fed. R. Civ. P. 26(a)(1)(iii), that is in a language other than English, shall be accompanied by an English translation, which may be translated by a party, identified corporate representative on its behalf, or certified translator. Notably, Defendants investigation of the universe of documents, indicate that many are in Mandarin/Chinese.**

2. **Proposed Discovery Plan.**

a. Depositions.

i. Unless otherwise authorized by the Court or stipulated by the Parties, other than a deposition of a corporate designee, a deposition is limited to one (1) day of seven (7) hours. **Defendant requests that for non-corporate designee witnesses utilizing or requiring an interpreter, the time for deposition shall be extended to twelve (12) hours, provided that a single deposition shall not extend more than seven (7) hours per day, unless agreed to by the parties. This is because the time to interpret may lengthen the overall time of the deposition, including interpretation of the question, objections, and answer.**

j. **Pursuant to Local Rule 30(a), Defendants contemplate deposing the following officers/director/managing agent of Defendant(s), including Joyce Huang, Vicky Wang, Peng-Fei ("Frederick") Chu, and Michael Chu, each of whom shall submit to a deposition shall occur at a place designated within this Division, unless due to circumstances outside of a deponent's or party's control, an order forbidding the entry of such person to the United States is made by the United States Government, in which case it will be subject to the provisions for telephonic/video depositions. On information and belief, these witnesses are located in Taiwan which is not subject to a travel restriction.**

ii. The parties agreed that any party desiring the use of an interpreter shall be responsible for the cost of the interpreter. If an interpreter is needed for a non-party fact witness, the party calling such deposition shall be responsible for payment of the cost of the interpreter.

    iii. The parties had generally agreed that for non-party fact witnesses located outside the United States, such depositions may be taken telephonically or by video link, provided that such deposition is under oath under penalty of perjury for prosecution in this jurisdiction, and the parties consent to the use of such deposition at trial, reserving the right to challenge the use of such deposition if the circumstances present indicia of untrustworthiness. In such case, the interpreter may be located with the attorneys.  Each side shall be responsible for their own travel expenses in attending depositions outside the United States, provided that the parties take efforts to minimize such expenses, including coordinating and planning in advance depositions, to limit the need for multiple trips, and/or making arrangements for suitable telephonic depositions, with the administration of a proper oath, as provided for herein.

    **iv. Defendants requested that the Plaintiffs and Defendants may aggregate the number of fact witnesses between them, such that the limitation on five (5) non-party, non-expert witness per party, shall be amended to provide that, absent leave of Court, Plaintiffs or Defendants, respectively, may not exceed seven (7) non-party, non-expert witness depositions per party, absent leave of court.  Notably, Plaintiffs' complaint included allegations related to at least three different fact witnesses, and Defendants Counterclaim also identified additional witnesses.  Defendants also request that the limits on depositions not apply to experts designated by the opposing party.**

  b. <u>Translations</u>. The parties were generally in agreement that the proponent of a document as evidence has the burden to establish its contents, and all documents that a party intends to rely upon to establish their claim or defense (including communications between the parties) must be produced in English, or accompanied by an English translation. Additionally, the parties were in agreement that, except for documents used for impeachment or rebuttal purposes, if a document is to be used at trial, it must be accompanied by a certified translation.  Additionally,

the parties were in agreement that Interpreters or translators need not be designated as experts, however, the parties shall endeavor in good faith to stipulate to the accuracy of a translation, the qualifications of certified translator, and any objection to the accuracy of a translation must be promptly made, and no later than at the time that objections to exhibits are due.  The parties also were generally in agreement that a party may testify as to any dispute regarding the accuracy of a translation, or qualifications of a certified translator, and the existence of dispute alone, will not be the basis for exclusion of evidence.  **A point of disagreement is that Defendants request that, except for communications between a Plaintiff and a Defendant, that all documents produced in discovery in a language other than English shall be accompanied by an English translation, which if not certified, may be translated by a party or identified corporate representative on its behalf.  Notably, having documents produced in Chinese/Mandarin, without translation, does not enable meaningful discovery.**

    c.    The Parties agreed to conduct discovery according to the following schedule:

| | |
|---|---|
| March 17, 2020 | Rule 26(a)(2) deadline for designation of experts and disclosure of expert testimony for parties with the burden of proof on a claim or issue. |
| April 10, 2020 | Deadline for designation of responsive experts and disclosure of responsive expert reports. |
| May 5, 2020 | Deadline for expert reports in rebuttal to responsive expert reports. |
| June 12, 2020 | Discovery closes; all expert depositions complete. |
| June 18, 2020 | Final pre-trial conference. |

    d.    The Parties agreed to cooperate in the exchange of electronically stored information ("ESI") in a reasonable manner to mitigate the burden and expense of production relative to the

needs of this case and the amounts in controversy. Disclosure or discovery of ESI shall be handled as follows:

>Database or "structured" information shall be produced in its native format or in such other format as agreed by the parties.

>Non-structured ESI (such as e-mail, Word documents, etc.) may be produced in paper format, or in native format on a CD or via a file transfer site in Adobe Portable Document Format ("PDF") or other similar agreed format.

>The Parties agreed to produce all documents as they are maintained in the normal and ordinary course of business pursuant to Fed. R. Civ. P. 34(b)(2)(E). **Defendants request that the production be subject to the provisions of this plan, including the requirements for translation requested by Defendants.**

e. Inadvertent production of documents subject to work-product immunity, the attorney-client privilege, or other privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall promptly notify the receiving party in writing of such inadvertent production. If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, upon request of the producing party, and such returned or destroyed material shall be deleted from any litigation support or other database. No use shall be made of such documents during depositions or at trial and they shall not be disclosed to anyone who was not given access to them before the request to return or destroy. The party returning such documents may move the Court for an order compelling production of the material but such motion shall not assert the fact or circumstances of the inadvertent production as a ground for entering such an order.

  f.  Except as provided for herein, the Parties will abide by the deposition limits set forth in the Scheduling Order and in the Local Rules.

  3.  **Service of Pleadings, Discovery and Other Papers.** The Parties agreed that service of discovery by electronic means shall be deemed the same as service by U.S. Mail and that all discovery shall be served via electronic means rather than via U.S. Mail.  For all motions and other Court filings, the parties will serve each other via the Court's ECF system.  All due dates for responsive filings shall be in accordance with the Federal Rules of Civil Procedure unless modified by this Court's Local Rules.

  4.  **Protective Order.** The parties shall submit a stipulated Protective Order to the Court on or before February 28, 2020, or, should they fail to agree, by that date they shall file any motions for entry of a Protective Order, noticed for hearing on March 15, 2020.  Until the Court enters a Protective Order, all documents produced pursuant to this Plan and in response to discovery requests, as well as any depositions taken, shall be treated by the receiving party as Confidential.  In no event shall any party withhold producing its documents based on confidentiality concerns (other than third-party obligations) or the fact that the Protective Order has not yet been entered.

  Pursuant to Local Rule 7(C), the Parties will redact all personal identifiers from publicly filed pleadings, exhibits and other documents.

  5.  **Privilege log**. The parties agreed to make a good-faith effort to provide a privilege log within fourteen (14) calendar days of service of documents responsive to document requests. The parties further agree that communications between any party and its litigation counsel related to this action, documents and things created by or for a party's litigation counsel in anticipation of

this action, and documents and things created after the date of the filing of this lawsuit need not be identified on any such privilege log.

      **6.**    **Possibility of Settlement or Resolution.**  The Parties are pursuing non-mediated settlement discussions and are actively discussing the claims, defenses, and possible resolution scenarios. Plaintiff had suggested and Defendant agrees to proceed with early mediation.

      7.    **Trial Before a Magistrate Judge.**  The Parties do not consent to trial before a magistrate judge. The Parties understand that the magistrate judge assigned to this case will handle discovery motions and may refer the matter for another magistrate judge to conduct mediation.

      8.    **Outstanding Issues.**

Events outside the United States may impact scheduling issues, including (1) the current public health issues involving mainland China; and (2) criminal proceedings filed by Plaintiffs against Defendant in Taiwan. The Parties do not concede that the aforementioned schedule will be insulated from these events, and reserve any right to seek alteration of the schedule depending upon how such events transpire.

The aforementioned issues are requested to be discussed at the Scheduling Conference currently scheduled for February 12, 2020 at 10:00 a.m.

DATED: February 5, 2020                      Respectfully submitted,

                                        By:    */s/ Bizhan Beiramee*
                                                Bizhan Beiramee, Esq., VSB No. 50918
                                                BEIRAMEE LAW GROUP, P.C.
                                                7598 Wisconsin Avenue
                                                Second Floor
                                                Bethesda, MD  20814
                                                bbeiramee@beiramee.com
                                                (301) 547-3805
                                                (703) 483-9599 Fax
                                                *Counsel for Defendants*

        By: */s/ Elias G. Saboura-Polkovotsy*
           Elias G. Saboura-Polkovotsy, Esq. (72256)
           SABOURA, GOLDMAN & COLUMBO, P.C.
           524 King Street
           Alexandria, VA 22314
           esaboura@sabouralaw.com
           (703) 531-8155
           (703) 531-8156 Fax
           *Co-Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2020, a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing to all counsel of record. A copy of the foregoing was also served by first-class mail, postage prepaid, to:

Laurin H. Mills, Esq.
Robert Armstrong, Esq.
SAMEK | WERTHER | MILLS LLC
2000 Duke Street, Suite 300
Alexandria, VA 22314
(804) 205-9020
Fax (877) 575-0245
laurin@samek-law.com
robert@samek-law.com
*Counsel for Plaintiffs*

Scott H. Casher, Esq., *pro hac vice*
Shruti Panchavati, Esq., *pro hac vice*
WHITE AND WILLIAMS LLP
7 Times Square, Suite 2900
New York, NY 10036
(202) 244-9500
Fax (212) 244-6200
cashers@whiteandwilliams.com
panchavatis@whiteandwilliams.com
*Counsel for Plaintiffs*

*/s/ Bizhan Beiramee*
Bizhan Beiramee, Esq., VSB #50918
BEIRAMEE LAW GROUP, P.C.
7508 Wisconsin Avenue, Second Floor
Bethesda, Maryland 20814
bbeiramee@beiramee.com
(301) 547-3805
(703) 483-9599 Fax
*Counsel for Defendants Stephanie Chang and FashionHolic, Inc.*